UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IOLA YHAP<br>    Plaintiff<br>V.<br><br>THE BARBERINO BROTHERS, INC.<br>    Defendant | CASE NO:<br><br>TRIAL BY JURY DEMANDED<br><br>COMPLAINT<br><br>OCTOBER 18, 2010 |

## I. INTRODUCTION

This is an action brought by plaintiff Iola Yhap to recover actual, statutory and punitive damages, reasonable attorneys' fees, and costs from Defendant The Barberino Brothers, Inc. ("Barberino"), for engaging in a "yo-yo" sale of a car, also known as a spot delivery. The illegal, unfair and deceptive actions engaged in consisted of first representing to the plaintiff that she had been approved for financing on the purchase of a car, then offering financing with the defendant acting as the creditor with no condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then, preparing for Plaintiff's signature a retail installment contract to purchase the car without providing Plaintiff with the proper disclosures pursuant to that contract at the time Plaintiff became committed to the transaction; then, upon plaintiff's acceptance of this offer, obtaining a down payment of $2,000, then delivering possession of the car to the plaintiff, and thereafter illegally repossessing the plaintiff's car when the third party refused to purchase the Retail Installment Contract from the defendant. The defendant also failed to give Plaintiff an adverse action letter when it revoked the credit which it had previously given.

These acts violated the Equal Credit Opportunity Act, 15 U.S.C. §1691 and the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*; they violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Statutes §§ 42-110a *et seq.*; they violated Connecticut's Uniform Commercial Code, Article 9, Conn. Gen. Stat. §§ 42a-9-609 *et seq.*; they violated Connecticut's Retail Installment Sales Financing Act, Conn. Gen. Stat. §§ 36a-785(b) and 36a-785(c), and constituted negligent misrepresentation, fraudulent misrepresentation, civil theft, conversion, and breach of contract.

## II. PARTIES

1. Plaintiff, Iola Yhap, is a natural person residing in Hartford, Connecticut.

2. Defendant, Barberino, is a Connecticut corporation that operates a new and used car dealership in Wallingford, CT.

## III. JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1691e(f), 15 U.S.C. § 1640(e), 28 U.S.C. §1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. §1367.

4. Venue in this court is proper, because the plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

5. On or around February 2010, Plaintiff visited Barberino and expressed interest in a Chrysler Sebring.

6. Plaintiff provided Barberino with a $2,000 down payment towards the Sebring; she provided Barberino with two cashier's checks in the amount of $1,000 each, and Barberino gave her receipts in her name for those checks and a temporary loan of motor vehicle agreement for the Chrysler Sebring.

7. Plaintiff drove the Chrysler Sebring for approximately a week, when Barberino contacted her and told her that she could upgrade to a Nissan Altima (the "Vehicle") for the same price as the Chrysler Sebring.

8. Plaintiff returned to Barberino and met with a Barberino salesman named Elijah and a Barberino finance manager named Mark Hallas.

9. Barberino, through its employees, had a Retail Purchase Order and a Retail Installment Contract for the Vehicle prepared for plaintiff's review and acceptance. The Retail Installment Contract described the terms of the sale and financing. The purchase price was $19,891.88, the annual interest rate was 13.99%, and the Retail Installment Contract called for 72 payments of $398.94. These terms were acceptable to the plaintiff, who accepted the defendant's offer by signing the retail purchase order and signing the Retail Installment Contract.

10. The Retail Installment Contract described the plaintiff as the Buyer and described Barberino as the Creditor – Seller.

11. Unbeknownst to Plaintiff, only $1,000 of the downpayment paid by Plaintiff was included on the contract.

12. At the time Plaintiff became committed to the transaction, Barberino did not provide Plaintiff with the proper disclosures, as the Truth-In-Lending Disclosures on

that contract were not marked as estimates, and the $1,000 that was not included as part of her downpayment was not included as a finance charge.

13. After plaintiff's acceptance of the Retail Installment Contract, the defendant became the creditor who extended credit to the plaintiff for the purchase of the Vehicle.

14. Under the express terms of the Retail Installment Contract, the plaintiff provided the full consideration required under the Retail Installment Contract for the purchase of the Vehicle when she signed the Retail Installment Contract and agreed to make the monthly payments to the defendant as recited in the Retail Installment Contract.

15. The Retail Installment Contract called for the first monthly payment to be made on March 8, 2010.

16. Mark Hallas and Elijah congratulated Plaintiff on her purchase, and delivered the Vehicle to Plaintiff.

17. Approximately 1-2 weeks after Plaintiff had accepted delivery of the Vehicle, Barberino informed that Plaintiff that she needed to bring the Vehicle to Barberino.

18. Plaintiff returned with the Vehicle to Barberino, and Barberino told her that she had to return the Vehicle because her financing was not approved.

19. Barberino retook possession of the Vehicle and refunded to Plaintiff only $1,000 of the $2,000 downpayment.

## V. COUNT ONE
### VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT
### (Barberino)

20. Plaintiff incorporates Paragraphs 1-19.

21. In advising the plaintiff that Barberino had been unable to obtain financing, in revoking the credit which had been previously granted as evidenced by the Retail Installment Contract, in demanding that the car be returned and in taking the plaintiff's car without the plaintiff's consent, Barberino took adverse action against the Plaintiff as defined in 15 U.S.C. §1691(d)(6) of the Equal Credit Opportunity Act.

22. In violation of 15 U.S.C. §1691(d)(1) and (2) of the Equal Opportunity Act, Barberino failed to provide the plaintiff with the written notification as to the reasons for the adverse action and failed to provide the plaintiff with written notification of (a) the plaintiff's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such statement may be obtained.

23. As a proximate result of Barberino's violations of the Equal Opportunity Act, the plaintiff suffered embarrassment, humiliation, mental distress and inconvenience. Barberino is liable therefore, pursuant to 15 U.S.C. §1691e(a).

24. The acts complained of herein were done by Barberino intentionally, purposefully and/or in reckless disregard of the rights of the plaintiff.

25. Barberino also is liable to the plaintiff for statutory punitive damages in an amount not greater than $10,000.00 pursuant to 15 U.S.C. §1691e(b).

26. Barberino also is liable to the plaintiff for reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. §1691e(d).

### VI. COUNT TWO
### TRUTH IN LENDING ACT
### (Barberino)

27. Plaintiff incorporates Paragraphs 1-19.

28. Barberino failed to provide Plaintiff with the required proper disclosures prior to the time that she became committed to the transaction.

29. Specifically, Barberino violated the Truth in Lending Act by failing to mark the disclosures as estimates and by failing to list the misappropriated $1,000 on the Retail Installment Contract.

30. Barberino is liable to Plaintiff for her actual damages pursuant to 15 U.S.C. § 1640(a)(1), plus statutory damages of $1,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3).

### VII. COUNT THREE
### UCC ARTICLE 9 VIOLATIONS
### (Barberino)

31. Plaintiff incorporates Paragraphs 1-19.

32. Barberino committed a repossession of the Vehicle in violation of Conn. Gen. Stat. § 42a-9-609.

33. Pursuant to Conn. Gen. Stat. § 42a-9-625, Barberino is liable to Plaintiff for an amount equal to the credit service charge of $9,357.80 plus ten percent of the

principal amount of the amount financed as shown on the Retail Installment Contract, which amount equals $1,936.58 (10% x $19,365.88) for a total amount of $11,294.38.

34. The actions of Barberino have caused Plaintiff damages in that she has been without reliable transportation and has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Barberino's duly authorized employees.

## VIII. COUNT FOUR
## RETAIL INSTALLMENT SALES FINANCING ACT
## (Barberino)

35. Plaintiff incorporates Paragraphs 1-19

36. In making Plaintiff return possession of the Vehicle to Barberino when it had no legal right to do so, Barberino committed a repossession of her Vehicle in violation of C.G.S. § 36a-785(a).

37. Barberino failed to provide any pre-repossession notice to Plaintiff as described in C.G.S. § 36a-785(b) and subsequently failed to provide the post repossession notice to Plaintiff as required by C.G.S. § 36a-785(c) when no pre-repossession notice is sent.

38. The actions of Barberino have caused Plaintiff damages in that she has been without reliable transportation and has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Barberino's duly authorized employees.

39. As a result of Barberino's violation of RISFA, pursuant to C.G.S. § 36a-785(i), the plaintiff is entitled to her actual damages, and in no event less than one-

fourth of the sum of all payments which have been made under the Retail Installment Contract.

## IX. <u>COUNT FIVE</u>
### CONNECTICUT UNFAIR TRADE PRACTICES ACT
### (Barberino)

40. Plaintiff incorporates Paragraphs 1-19.

41. The actions of Barberino, in accepting a $2,000 downpayment from Plaintiff, then offering financing with Barberino acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then misappropriating $1,000 of Plaintiff's $2,000 downpayment and preparing for Plaintiff's signature a Retail Installment Contract that did not contain the disclosures required by TILA; then, upon Plaintiff's acceptance of this offer, telling Plaintiff that she had been approved for financing and delivering possession of the Vehicle to Plaintiff, and then wrongfully repossessing Plaintiff's Vehicle without providing her the necessary notices required by RISFA and ECOA and without refunding her $2,000 downpayment to her, constituted an unfair trade practices in violation of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a *et seq.*, in that these actions were immoral, unethical, oppressive and unscrupulous and constituted an unfair trade practice in violation of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a *et seq.*

42. The actions of Barberino, as described above, have caused the Plaintiff to suffer an ascertainable loss, including but not limited to the loss of use of her Vehicle and the loss of $1,000.

## X. COUNT SIX
## BREACH OF CONTRACT
### (Barberino)

43. Plaintiff incorporates Paragraphs 1-19.

44. Barberino breached the contract created pursuant to the Retail Installment Contract by failing to honor that contract.

## XI. COUNT SEVEN
## CIVIL THEFT
### (Barberino)

45. Plaintiff incorporates Paragraphs 1 –19.

46. In taking Plaintiff's Vehicle when it had no legal right to do so, Barberino wrongfully took Plaintiff's Vehicle from its owner with the intent to deprive her of her Vehicle.

47. Barberino also wrongfully took $1,000 of Plaintiff's $2,000 down payment with the intent to deprive her of her $1,000.

48. By Barberino's actions as described in the previous paragraph, Barberino violated Conn. Gen. Stat. § 52-564 and is liable to Plaintiff for treble damages.

## XII. COUNT EIGHT
## CONVERSION
### (Barberino)

49. Plaintiff incorporates Paragraphs 1 –19.

50. In taking Plaintiff's Vehicle when it had no legal right to do so, Barberino wrongfully took Plaintiff's Vehicle from its owner.

51. Barberino also wrongfully took $1,000 of Plaintiff's $2,000 down payment.

52. By Barberino's actions as described in the previous paragraph, Barberino committed common law conversion.

**Wherefore, Plaintiff claims**, Actual money damages pursuant to 15 U.S.C. §1691e(a), punitive damages of $10,000 pursuant to 15 U.S.C. §1691e(b), and attorney's fees and costs of this action pursuant to 15 U.S.C. §1691e(d); actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $1,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); pursuant to Conn. Gen. Stat. §42a-9-625, Barberino is liable to the plaintiff for an amount equal to the credit service charge plus ten percent of the principal amount of the amount financed as shown on the Retail Installment Contract, money damages, and a reasonable attorney's fees pursuant to Conn. Gen. Stat. § 42-150bb; actual damages and in no event less than one fourth of the sum of all payments which have been made under the Retail Installment Contract, as provided in Conn. Gen. Stat. § 36a-785(i); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a); attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d); treble damages pursuant to Conn. Gen. Stat. § 52-564; an order from the Court ordering Barberino to cease and desist from engaging in unfair and deceptive trade practices; such other further relief to which Plaintiff is, at law, or in equity and by statute entitled to against Barberino.

**PLAINTIFF DEMANDS TRIAL BY JURY**

PLAINTIFF, IOLA YHAP

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457
dblinn@consumerlawgroup.com
mwgraeber@consumerlawgroup.com